UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

   Plaintiff,         Hon. Hala Y. Jarbou

v.               Case No. 1:25-cv-1183

KETURAH MIXON AND ALL OTHER
OCCUPANTS,

   Defendant.
_____/

### REPORT AND RECOMMENDATION

On October 3, 2025, Keturah Mixon removed this state-court eviction proceeding to this Court pursuant to 28 U.S.C. § 1446 alleging both diversity jurisdiction and federal question jurisdiction as bases for removal. This matter has since been referred to me pursuant 28 U.S.C. § 636(b)(1). For the reasons that follow, I recommend that the Court remand this matter to the State of Michigan 10th Judicial District Court for lack of subject matter jurisdiction.

On September 5, 2025, Bank of America, N.A. (BANA) filed a complaint to recover possession of property in the State of Michigan 10th Judicial District Court following a non-judicial foreclosure sale and expiration of the statutory redemption period without action by Defendant Mixon for property located at 243 Devon Road, Battle Creek, MI 49015. (ECF No. 1-1 at PageID.16.) Defendant Mixon thereafter removed the case to this Court.

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). Removal statutes are thus strictly construed to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data*

*Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006)).

Mixon first contends that removal is proper on the basis of diversity jurisdiction because she is a citizen of Michigan, BANA is a citizen of North Carolina, and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees. 28 U.S.C. § 1332(a). While the requirements for diversity jurisdiction may be satisfied, Mixon overlooks the so-called "in-state" or forum defendant rule set forth in 28 U.S.C. § 1441(b)(2), which provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Mixon clearly satisfies this requirement.

Although the Sixth Circuit apparently has not addressed the issue, many district courts within the Sixth Circuit have held that the in-state removal limitation is a jurisdictional, rather than procedural, issue that a district court not only may, but must, raise *sua sponte*. *See*, *e.g.*, *Beeler v. Beeler*, No. 3:15-CV-452, 2015 WL 7185518, at *1 (W.D. Ky. Nov. 13, 2015) ("While the Sixth Circuit has not addressed whether the forum defendant rule is a jurisdictional or procedural issue, courts in this district treat the issue as jurisdictional."); *Capital One Bank (USA), N.A. v. Ponte*, No. 11-11072, 2011 WL 2433480, at *3 n.2 (E.D. Mich. May 26, 2011) (finding it appropriate to treat "the 'forum-defendant rule' as jurisdictional"); *Johnston v. Panther II Transp.*, No., 1:07-cv-1264, 2007 WL 2625262, at *3 (N.D. Ohio Sept. 6, 2007) (remanding upon finding that rule stated in Section 1441(b)(2) is jurisdictional). In *Balzer v. Bay Winds Federal Credit Union*, 622 F. Supp. 2d 628 (W.D. Mich. 2009), Judge Jonker of this district found that the forum defendant rule is

2

jurisdictional in nature, requiring district courts to raise the issue sua sponte. He explained, "The flaw in the removal is no mere procedural technicality, but a fundamental issue of the removal power. Congress has made clear that a district court's removal jurisdiction is narrower than its original jurisdiction." *Id.* at 631. Thus, when confronted with a removal that violates the forum defendant rule, "the Court has an obligation to raise the issue on its own accord." *Id.* at 632. I find the reasoning of *Balzer* persuasive and recommend that the Court adopt it for purposes of examining its own jurisdiction.

Mixon also contends that the action is removable based on federal question jurisdiction, but that argument is meritless. As noted, the state-court action is a garden-variety eviction proceeding. (ECF No. 1-1 at PageID.16.) "Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Archer v. Arms Tech., Inc.*, 72 F. Supp. 2d 784, 787 (E.D. Mich. 1999) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). As noted, no federal question appears on the face of BANA's complaint. Mixon contends that a federal question exists because the eviction violated the Fair Debt Collection Practices Act (FDCPA) (ECF No. 1 at PageID.5–7.) She also cites Fed. R. Civ. P. 9(b) pertaining to fraud in connection with the foreclosure sale and 28 U.S.C. § 1738 pertaining to res judicata, issue preclusion, and claim preclusion, but these are not claims giving rise to a federal question. In any event, even if Mixon intends to, or has raised, the FDCPA as a defense or a counterclaim to the eviction proceeding, that act provides no basis for removal, as "it is well settled that federal counterclaims and defenses are inadequate to confer federal jurisdiction[.]" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) (internal quotation marks omitted); *see also Archer*, 72 F. Supp. 2d at

787 ("A corollary to the 'well-pleaded complaint' rule is that a defendant may not remove a case to federal court on the basis of an affirmative defense or counterclaim raising a federal question.") (citing, among others, *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998); *Caterpillar Inc.*, 482 U.S. at 393). Therefore, Mixon's removal on the basis of federal question jurisdiction was improper.

## CONCLUSION

For the foregoing reasons, I recommend that the Court *sua sponte* remand this action to state-court based on lack of subject matter jurisdiction.

Dated: October 14, 2025                          \_\_/s/ Sally J. Berens_____
                                                 SALLY J. BERENS
                                                 U.S. Magistrate Judge

## <u>NOTICE</u>

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).