UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

KETURAH MIXON,

    Defendant.
_____/

Case No. 1:25-cv-1183

Hon. Hala Y. Jarbou

## ORDER

More than a year after Bank of America foreclosed on Keturah Mixon's home, Bank of America sued in state court to secure Mixon's eviction. Mixon removed the action here on the ground that Bank of America's claims are "based on" violations of federal law. The magistrate judge who reviewed the notice of removal recommended that the action be remanded (R&R, ECF No. 5), and Bank of America moved to remand for good measure (ECF No. 12). Before the Court are Mixon's objections to the R&R, chief among which is the contention that the magistrate judge misapplied the rule that a federal court lacks federal-question jurisdiction if a federal question does not appear on the face of the plaintiff's well-pleaded complaint. (Objs. 3, ECF No. 11.)

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Because the R&R correctly concluded that Bank of America's well-pleaded complaint does not raise a federal question, and because Mixon can establish no other ground invoking this Court's subject-matter jurisdiction, the Court will remand this action.

The factual setting for this litigation is known to the parties and need not be rehearsed.  The Court proceeds directly to Mixon's objections.

### A.     Forum-Defendant Rule

According to the R&R, the Court lacks diversity jurisdiction over this action because Mixon is a citizen of Michigan, and 28 U.S.C. § 1441(b)(2) explicitly precludes removal by a defendant sued in the courts of the state of which they are a citizen.  Mixon contends that this was error because the "forum defendant rule" set out in section 1441(b)(2) is a procedural rule that can be waived rather than a jurisdictional bar.  Although the Sixth Circuit has not "clearly and definitively resolved this issue, the weight of authority supports a finding that the forum defendant rule is not jurisdictional." *ACLCP S. Euclid, LLC v. Ohio CVS Stores, LLC*, No. 1:24-cv-1491, 2025 WL 1235137, at *1 (N.D. Ohio Jan. 13, 2025).  Every court of appeals that has squarely confronted the question has held that the forum-defendant rule can be waived if not raised by the plaintiff in a motion to remand within thirty days of the notice of removal being filed.  *See Holbein v. TAW Enters.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (citing *Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 119 n.1 (6th Cir. 1979)).  That position necessarily implies that the forum-defendant rule does not deprive a district court of jurisdiction, since objections to a court's subject-matter jurisdiction cannot be waived.  *Watson v. Cartee*, 817 F.3d 299, 302 (6th Cir. 2016).

Because Bank of America invoked the forum-defendant rule in its motion to remand, which was filed after the R&R, it need not be decided whether the R&R erred in raising the forum-defendant rule sua sponte.  The Court may not exercise its diversity jurisdiction over this case because the Bank did not waive the protections of section 1441(b)(2).  If removal was proper, it is only because the Court has federal-question jurisdiction.

### B. Well-Pleaded Complaint Rule

The R&R found that the Court lacked federal-question jurisdiction because Bank of America's state-court action was an eviction proceeding, which does not raise a federal question. According to Mixon, this was error because Bank of America's entitlement to Mixon's home "necessarily depends" on whether the mortgage on the home, which Mixon contends is fraudulent, is valid under federal law. This argument is a misunderstanding of the notion that a state-law claim whose adjudication necessarily depends on resolving a "substantial and disputed federal issue" confers subject-matter jurisdiction on the federal courts. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008). But no substantial federal question is necessarily raised by Bank of America's eviction proceeding. "A state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law." *Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, 535 F. Supp. 3d 709, 717 (M.D. Tenn. 2021) (quoting *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016)). On its own, the claim that the bank is entitled to possess the home does not require a finding that Mixon violated federal law. The only violation of federal law alleged in this litigation is the one that Mixon accuses Bank of America of committing by fabricating the mortgage on her home. But a federal defense cannot transmute a state-law claim into a federal one. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) (foreclosure action). The Court finds no error in the R&R's conclusion that the Court lacks federal-question jurisdiction.

\* \* \*

Because the R&R correctly determined that the Court cannot exercise diversity jurisdiction over Mixon and that Bank of America's complaint does not raise a substantial federal question, the Court agrees with the recommendation that this action be remanded to the 10th Judicial District

Court.  For the same reasons, the Court finds that Bank of America has shown that it is entitled to remand.  Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 5) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Mixon's objections to the R&R (ECF No. 11) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Bank of America's motion to remand (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the instant action is **REMANDED** to the originating court for further proceedings.

Dated: November 4, 2025                        /s/ Hala Y. Jarbou
                                               HALA Y. JARBOU
                                               CHIEF UNITED STATES DISTRICT JUDGE